```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT
```

|  |  |
|---|---|
| JANE WELLS | : |
| v. | : CIV. NO. 3:11CV1783 (WWE) |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY | : |

## RULING ON MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT [Doc. # 28]

On July 9, 2013, counsel for Joyce Beck moved this Court under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), to award attorney's fees in the amount of $8,399. In support of the fee petition, Attorney Meryl Anne Spat filed an Affidavit describing the work performed on the case and an itemized bill accounting for 45.4 hours of work performed in 2011, 2012, and 2013, at $185.00 an hour. [Doc. ## 28, 28-1]. The Commissioner does not challenge counsel's right to collect attorney's fees, but objects to the hours sought as unreasonable. [Doc. # 29].

**I. DISCUSSION**

    **A.**    **Standard of Law**

The EAJA provides in relevant part

> [A] court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action,

1

> brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  Subsection (B) provides that within thirty days of a final judgment in the action, a party seeking an award of fees must submit an application for fees, which shows that the plaintiff is a prevailing party and is eligible to receive an award, the amount of fees and expenses sought, including an itemized statement showing the actual time expended and the rate at which the fees were computed, and an allegation that the position of the United States was not substantially justified.  28 U.S.C. § 2412(d)(1)(B).  To be eligible for an award of fees under the EAJA, an individual's net worth must not exceed $2,000,000 at the time the civil action was filed.  28 U.S.C. § 2412(d)(2)(B)(i).

Plaintiff has complied with these requirements and, in this case, the Commissioner has not challenged the timeliness of the petition, plaintiff's status as a prevailing party, or her assertions that the United States was not substantially justified, and that no special circumstances exist which would make an award of attorney's fees unjust.  The Commissioner's sole contention is that the amount of the attorney's fees sought by plaintiff is unreasonable.

The EAJA provides for an award of "reasonable" fees and expenses. 28 U.S.C. § 2412(d)(2)(A). The statute further provides that the "amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney's fees are capped at $125 per hour unless the court determines that an increase in the cost of living or other special factor, such as the limited availability of qualified attorneys to handle the type of proceeding involved, justifies a higher fee. Id. Additionally, a district court enjoys broad discretion in determining what is a reasonable amount of time expended in pursuing a claim. See Aston v. Sec'y of Health & Human Serv., 808 F.2d 9, 11 (2d Cir. 1986).

### B.  Fee Award

#### 1.  Hourly Rate

Under the EAJA, the rate of compensation is capped at $125 per hour, which may be adjusted upward to account for increases in the cost of living. 28 U.S.C. § 2412(d)(2)(A). The plaintiff seeks cost of living increases resulting in an adjusted rate of $185.00.  Based on the Consumer Price Index, the Court finds the higher fee is justified. See Harris v. Sullivan, 968 F.2d 263, 265 (2d Cir. 1992)(holding that "cost of living" is not defined in EAJA and is "properly measured by the Consumer Price Index"). Therefore, the Court accepts Attorney

3

Spat's requested hourly rate of $185.00. Thus, the only issue left for the Court is the reasonableness of the number of hours for which plaintiff's counsel seeks compensation.

### 2. Number of Hours Requested

Plaintiff seeks an award of fees for 45.40 hours, for a total fee award of $8,399.00. The Commissioner seeks a reduction, arguing that "32.5 hours in case is more than reasonable". Specifically, the Commissioner contends that the Court should reduce the following hours:

- 4 hours for work performed prior to filing of the Complaint;
- 2.85 hours for work associated with service of process;
- .95 hours for time devoted to dealing with electronic transcripts; and,
- 6.0 hours for work related to motions for extension of time and communicating with plaintiff.

First, hours spent performing clerical or administrative tasks are not compensable under the EAJA. Hosking v. Astrue, No. 3:10cv64 (MRK)(WIG), 2010 WL 4683917, at *2 (D. Conn. Oct. 1, 2010). As such, the Court will discount two hours of time devoted to these tasks. Second, the Court has reviewed plaintiff's counsel's time entries and finds that the claimed amount of 4.75 hours for work done on June 6, 2012 for the "Motion for Extension of Time to file dispositive motion filed; correspondence with defense regarding motion" to be excessive. As such, the Court reduces the amount billed for that entry by four hours.

The Court has carefully reviewed plaintiff's itemization of time filed in support of his motion for attorney's fees and finds all of the remaining time entries to be reasonable. Accordingly, the Court reduces plaintiff's fees by six hours, awarding plaintiff 39.4 hours for work done in this case. See Cobb v. Astrue, No. 3:08CV1130 (MRK), 2009 WL 2940205, at *9 (D. Conn. Sept. 2, 2009) (citing Parsons v. Comm'r of Soc. Sec., No. 07-cv-1053, 2008 WL 519725, *1 (N.D.N.Y. Dec. 10, 2008) (collecting cases)) ("Courts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between 20 and 40 hours of attorney time to prosecute.").

## II.  CONCLUSION

For the reasons stated, plaintiff's Motion for Attorney's Fees **[Doc. # 28]** is **GRANTED** in part and **DENIED** in part. Attorney's fees are awarded in the amount of $7,289.00, for 39.4 hours of work.[1] The Court awards costs in amount of $47.50.

This is not a recommended ruling.  This is a ruling on attorney's fees and costs which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. §

---

[1] Itemization of fees awarded:

| RATE AWARDED | HOURS AWARDED | TOTAL |
|---|---|---|
| $185.00 | 39.4 | $7,289.00 |

636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

   SO ORDERED at Bridgeport this 16th  day of August 2013.


                                        /s/_____
                                        HOLLY B. FITZSIMMONS
                                        UNITED STATES MAGISTRATE JUDGE